**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| *In re:* | ) | |
| | ) | |
| **CARMEN M. GETER** | ) | Case No. 18-13995-KHK |
| | ) | |
| **Debtor** | ) | Chapter 13 |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

COMES NOW, Blakelee Homeowners Association (hereinafter "Association"), a secured creditor, by counsel, and files this Objection to the Chapter 13 Plan of the Debtor dated December 12, 2018. In support of this Objection, the Association states as follows:

1. Debtor is the owner of 9899 Capperton Dr., Oakton, Virginia 22124 (hereafter, the "Property"). The Association avers that the Property is Debtor's principal residence.

2. The Property is subject to the recorded Declaration of Covenants, Conditions and Restrictions (hereinafter "Declaration") as recorded in Deed Book 4325, Page 669 among the land records of Fairfax County, Virginia, and the Virginia Property Owners Association Act, § 55-508 *et. seq.*, Code of Virginia (the "Act"). The Declaration and the Act were in effect when the Debtor filed her petition and still are in effect as of the date of the filing of this Objection.

3. In accordance with Article VI, Section 1 of the Declaration, the Association has the authority to levy assessments against a lot owner subject to the Association's governing documents.

4. Article VI, Section 1 of the Declaration and § 55-516 of the Act state that the Association shall have a continuing lien on an owner's lot for unpaid assessments.

5. Debtor's pre-petition delinquency includes two (2) judgment liens which constitute Three Thousand Two Hundred Ninety-Five Dollars ($3,295.00) of secured debt.

6. Neither Debtor's Schedule D nor Chapter 13 Plan account for this secured debt in favor of the Association.

7. Instead, Debtor's Schedule F mistakenly categorizes this debt as unsecured.

8. This portion of debt in favor of the Association is secured by the Property, and therefore 11 U.S.C. § 1322(b)(2) forbids modification of the Association's rights.

9. The Plan fails to fully cure the Association's secured claim and is therefore in violation of 11 U.S.C. §§ 1322(b)(2) and (5).

10. Additionally, this Plan's failure to fully cure the pre-petition arrearage owed to the Association which is secured by the Property demonstrates that the Plan is not feasible and therefore in violation of 11 U.S.C. § 1325(a)(6).

WHEREFORE, Blakelee Homeowners Association, a secured creditor by counsel, respectfully moves the Court to deny confirmation of the Debtor's Chapter 13 plan dated December 12, 2018, along with such other relief as the Court deems is necessary and proper.

Respectfully submitted this 18th day of December 2018.

**/s/ Jeremy C. Huang**
Jeremy C. Huang, VSB 76861
CHADWICK WASHINGTON MORIARTY
ELMORE & BUNN, P.C.
3201 Jermantown Rd., Suite 600
Fairfax, VA 22030
TEL: 703-352-1900 / FAX: 703-352-5293
jhuang@chadwickwashington.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 18th day of December 2018, a copy of the foregoing Objection to Confirmation and the Notice of Objection were served via the Court's ECF system upon the following persons:

Thomas Gorman
Chapter 13 Trustee
300 N. Washington St., #400
Alexandria, VA 22314

Nathan A. Fisher
Fisher-Sandler, LLC
3977 Chain Bridge Road, #2
Fairfax, VA 22030

**/s/ Jeremy C. Huang**
Jeremy C. Huang